IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03252-GPG

EARL J. CROWNHART,

    Applicant,

v.

CHRISTAIN MULLER, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant Earl J. Crownhart currently is subject to a civil confinement at the Grand Junction Regional Center in Grand Junction, Colorado.  Mr. Crownhart, acting *pro se*, has submitted to the Court an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action.  For the reasons discussed below, the Court will dismiss the action.

    Mr. Crownhart has been permanently enjoined from filing any civil actions in this Court, in which he is the proponent of a claim, without representation of an attorney licensed to practice in the State of Colorado, unless he first obtains leave of this Court by a judicial officer to proceed *pro se* in the action.  *See Crownhart v. Suthers, et al.*, No. 13-cv-00959-LTB at ECF No. 5 (D. Colo. June 14, 2013).  If a judicial officer finds Mr. Crownhart's pleadings to be without merit, repetitive, frivolous, or not in compliance with Fed. R. Civ. P. 8 the pleading will be dismissed.  *Id.*

Mr. Crownhart's claims fail to meet the requirements set forth under Fed. R. Civ. P. 8. Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."

Mr. Crownhart does not include a short and plain statement showing that he is entitled to relief as required pursuant to Rule 8. On Page Two of the Application, Mr. Crownhart identifies the state court case in question as Case No. 07CR496. Mr. Crownhart, however, is challenging his current placement at the Grand Junction Regional Center, which was at issue in *Crownhart v. Suthers*, No. 12-cv-03053-LTB (D. Colo. May 21, 2013). In Case No. 12-cv-03053-LTB, the Court dismissed the action for failure to exhaust state court remedies concerning his current civil placement not a criminal conviction. Nothing Mr. Crownhart has asserted in the Application demonstrates he has exhausted his state court remedies with respect to his current civil placement. Because Mr. Crownhart fails to comply with Fed. R. Civ. P. 8, the Court will dismiss the action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Crownhart files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for the reasons stated above. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  4th  day of    December   , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court